FILED

AUG 0 5 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES EX REL.

RONALD DEAN LOWE          ,

(Enter the full name of the plaintiff.)

v.

(1) J. KEVIN STITT          ,

(2) JUSTIN FARRIS          ,

(3) ET AL.          .

(Enter the full name of each defendant. Attach
additional sheets as necessary.)

25 U.S.C. §175
'AT LAW AND IN EQUITY'

Case No. CN-26-2028-G
(Court Clerk will insert case number)

UNITED STATES EX REL.

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.    You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2.    You must provide a full name for each defendant and describe where that defendant resides or can be located.

3.    You must send the original complaint and one copy to the Clerk of the District Court.

4.    You must pay an initial fee of $402 (including a $350 filing fee and a $52 administrative fee). The complaint will not be considered filed until the Clerk receives the $402 fee or you are granted permission to proceed *in forma pauperis*.

5.    If you cannot prepay the $402 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. See 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

PAGE 1

- If the court grants your request, the $52 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7.    The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8.    If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.


## COMPLAINT

**I.    Jurisdiction is asserted pursuant to:**

___ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

28 U.S.C. §§ 2201 AND 2202

SEVENTH (7TH) AMENDMENT

Rev. 10/20/2015

PAGE 2

**II.    State whether you are a:**

X Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

**III.    Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

   a. Parties to previous lawsuit:

   Plaintiff(s): UNITED STATES EX REL. RONALD DEAN LOWE

   Defendant(s): JUSTIN FARRIS, ET AL.

   _____

   b. Court and docket number: U.S. D.C. W.D OKLA; CIV-26-1716-R

   c. Approximate date of filing: 08 JULY 2026

   d. Issues raised: LACK OF PRIVACY IN THE SHOWERS AND TOILETS IS UNCONSTITUTIONAL; RELATOR IS ENTITLED TO CIRCUMCISION ALTERNATIVE.

   e. Disposition (for example: Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): PENDING

   _____

   f. Approximate date of disposition: PENDING

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

PAGE 3

**IV.    Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1.    Plaintiff

Name and any aliases: RONALD DEAN LOWE

Address: P.O. BOX 548; LEXINGTON, OK 73051-0548

Inmate No.: 219027

2.    Defendant No. 1

Name and official position: J. KEVIN STITT, GOVERNOR STATE OF OKLAHOMA

Place of employment and/or residence: STATE CAPITAL BUILDING, ROOM 212, 2300 N. LINCOLN BLVD., OKC, OK 73105-4890

How is this person sued?  ( ) official capacity, ( ) individual capacity, (X) both

3.    Defendant No. 2

Name and official position: JUSTIN FARRIS, DIRECTOR OKLAHOMA DEPARTMENT OF CORRECTIONS

Place of employment and/or residence: 3400 MARTIN LUTHER KING AVE. OKLAHOMA CITY, OK 73111

How is this person sued?  ( ) official capacity, ( ) individual capacity, (X) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

Rev. 10/20/2015

PAGE 4

## V.    Cause of Action

### Instructions

1.    *Provide a short and plain statement of each claim.*

- Describe the facts that are the basis for your claim.

- You can generally only sue defendants who were directly involved in harming you. Describe how each defendant violated your rights, giving dates and places.

- Explain how you were hurt and the extent of your injuries.

2.    *You are not required to cite case law.*

- Describe the constitutional or statutory rights you believe the defendant(s) violated.

- At this stage in the proceedings, you do not need to cite or discuss any case law.

3.    *You are not required to attach exhibits.*

- If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.

4.    *Be aware of the requirement that you exhaust prison grievance procedures **before** filing your lawsuit.*

- If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. *See* 42 U.S.C. § 1997e(a).

- Every claim you raise must be exhausted in the appropriate manner.

5.    *Be aware of any statute of limitations.*

- If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations. For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.

Rev. 10/20/2015

PAGE 5

6.    *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

## Claims

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1.    **Claim 1:**

(1)    List the right that you believe was violated:

THE RIGHT TO LIFE, LIBERTY [OF ACTION NOT THE LIBERTY OF FREEDOM OF TRAVEL], AND THE PURSUIT OF "HAPPINESS". SEE ALSO ATTACHED ADDITIONAL SHEET(S)

(2)    List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

J. KEVIN STITT; GOVERNOR OF STATE OF OKLAHOMA JUSTIN FARRIS; DIRECTOR OF ODOC ET AL. [TOMMY SHARP; WARDEN OF JHCC]

Rev. 10/20/2015

1. CLAIM 1:

(1) LIST THE RIGHT THAT YOU BELIEVE WAS VIOLATED:

THE STATE OF OKLAHOMA, IN GENERAL, AND THE OKLAHOMA DEPARTMENT OF CORRECTIONS, IN PARTICULAR, HAVING ENGAGED IN LITIGATION RETALIATION AFTER THE FILING OF THE CASE OF:

UNITED STATES EX REL. RONALD DEAN LOWE V. JUSTIN FARRIS, ET AL.
CASE NUMBER: CIV-26-1716-R
W. D. OKLAHOMA, 08 JULY 2026

BY HAVING SECURUS TECHNOLOGIES SUPPLY A REPLACEMENT TABLET THAT HAS A SEVERE CPU/GPU MALFUNCTION ON THE 10TH DAY OF JULY 2026 FOR AN ORIGINALLY ISSUED TABLET THAT WAS PERFECTLY FINE, EXCEPT FOR A WORN OUT MICROPHONE JACK THAT DID NOT ALLOW FOR IN-CELL TELEPHONE CALLS [A MINOR INCONVENIENCE] AND A PROTECTIVE "GLOVE" THAT WAS OXIDIZING AND BECOMING BRITTLE,

PAGE 6A

THAT ALMOST CERTAINLY WOULD HAVE ENDURED TO THE FORTHCOMING REISSUANCE.*

* - THE SECURUS TECHNOLOGIES GRIEVANCE WILL BE REDRESSED IN A DIVERSITY LAWSUIT.

PAGE 6B

(3)    List the supporting facts:

SEE ATTACHED ADDITIONAL SHEET(S)

(4)    Relief requested: (State briefly exactly what you want the court to do for you.)

SEE ATTACHED ADDITIONAL SHEET(S)

## 2.    Claim II:

(1)    List the right that you believe was violated:

SEE ATTACHED ADDITIONAL SHEET(S)

(2)    List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

SEE ATTACHED ADDITIONAL SHEET(S)

Rev. 10/20/2015

PAGE 7

(3) LIST THE SUPPORTING FACTS:

ON THE 10TH DAY OF JULY 2026, THERE WERE AT LEAST THREE (3) AND MOST LIKELY FOUR (4) PEOPLE CALLED IN FROM O.C.I. [THREE (3) FROM THE OKLAHOMA TURNPIKE AUTHORITY AREA THAT THE RELATOR CAN RECOLLECT IF NOT MORE THAN THAT NUMBER] TO DEAL WITH VARIOUS TABLET ISSUES ALMOST ASSUREDLY MANDATING AN EXCHANGE OF TABLETS.

ADDITIONALLY, DUE TO THE LARGE STACK OF "TRADE-IN" TABLETS, THERE CERTAINLY HAD TO HAVE BEEN NUMEROUS EXCHANGES MADE FOR PRISONERS ON THE MAIN YARD.

DUE TO THE REQUIREMENT THAT THE RELATOR HAD TO RETURN TO B-UNIT TO OBTAIN THE OLD TABLET VIRTUALLY GUARANTEED THAT THE RELATOR WAS TO RECEIVE THE FINAL [BAD] TABLET.

THE RELATOR HAS NOT HEARD OF ANY COMPLAINTS FROM THESE OTHER O.C.I. EMPLOYEES ABOUT RECEIVING A "BAD TABLET."

PAGE 7A

IN FACT, ONE OF THESE O.C.I. EMPLOYEES IS UTILIZING HIS REFURBISHED TABLET DAILY TO PUTATIVELY LISTEN TO MUSIC.

DUE TO THE FACT THAT THE WARDEN, TOMMY SHARP, AND THE WARDEN'S SECRETARY, MS. LAURA JONES[1], WERE PRESENT WITHIN THE 'INSIDE ADMINISTRATION' BUILDING [THE NORMAL OR STANDARD PROCEDURE WOULD BE THAT PERSONS ARE CALLED TO THE WARDEN'S OFFICE] AT THE TIME OF THE SECURUS TABLET EXCHANGE STRONGLY CORRELATES WITH ADMINISTRATION SKULDUGGERY!

(4) RELIEF REQUESTED

25 U.S.C. § 175

THE COURT SHOULD LEGALLY APPOINT A 'UNITED STATES' ATTORNEY TO REVIEW THE PRESENT 'CIVIL RIGHTS COMPLAINT' AND ASSOCIATED 'SUMMONS' FORMS FOR ERRORS AND BE COURT ORDERED TO AMEND AS NEEDED TO SUSTAIN A SUCCESSFUL CIVIL RIGHTS LITIGATION.

FURTHERMORE, THE RELATOR HEREBY MOTIONS THE UNITED STATES DISTRICT COURT, FOR THE WESTERN DISTRICT OF OKLAHOMA, TO ORDER THE 'UNITED STATES' ATTORNEY TO PERFORM A LEGAL GENEALOGICAL ASSESSMENT OF THE RELATOR'S INDIAN STATUS TO DULY ASCERTAIN:

(A). RELEVANT TRIBAL AFFILIATIONS BASED UPON RELEVANT INDIAN BLOOD

(B). DETERMINE THE QUANTUM OF INDIAN BLOOD FOR EACH TRIBE

SO THAT THE FEDERAL DISTRICT COURT MAY:

(A) ENTER A DECLARATORY JUDGEMENT, 28 U.S.C. § 2201, ARTICULATING THE DETAILS OF THE INDIAN STATUS OF THE RELATOR TO THE LEGAL COMMUNITY AND TO THE REST OF THE WORLD

(B) ORDER THE 'UNITED STATES' ATTORNEY AND/OR THE BUREAU OF INDIAN

PAGE 7C

AFFAIRS TO PROVIDE ANY AND ALL ASSISTANCE REQUIRED TO DULY ENABLE THE RELATOR TO OBTAIN THE FOLLOWING DOCUMENTS:

(1) CERTIFICATE OF DEGREE OF INDIAN BLOOD CARD(S)
(2) TRIBAL MEMBERSHIP INTO A TRIBAL INDIAN NATION
(C) THE DECLARATORY JUDGMENT SHOULD PROPERLY INCLUDE COPIES OF THE CDIB CARD AND INDIAN NATION TRIBAL MEMBERSHIP DOCUMENT(S). AND BE LEGALLY PUBLISHED*FOR ALL TO EXAMINE.

(*) FEDERAL REPORTER [WEST'S]

PAGE 7D

Z. CLAIM II

(1) LIST THE RIGHT THAT YOU BELIEVE WAS VIOLATED:

THE BASIC HUMAN RIGHT TO 'LIFE' [TO LIVE] AND NOT BE THE CRIMINAL VICTIM OF A CRIMINAL HOMICIDE.

THE SAME RIGHT APPLIES TO CRIMINAL MENACING OR CRIMINAL VERBAL ASSAULT.

THE EVIDENCE FOR THIS CLAIM WILL BE THE WORD OF A 'CONVICT' VERSUS THE WORD OF CAPTAIN WRIGHT-LESTER DUE TO THE FACT THAT ANY AUDIO-VIDEO RECORDINGS WILL HAVE BEEN ERASED OR DESTROYED.[2]

THEREFORE, THE ACTUAL RIGHTED VIOLATED IS THE FAILURE OF THE DEPARTMENT OF CORRECTIONS, FROM THE TOP TO THE BOTTOM, TO PROVIDE ADEQUATE MEANINGFUL AND ESSENTIAL PROTECTION FROM AN ALLEGED HOMICIDAL CAPTAIN OF THE GUARDS.

PAGE 7E

THE RELATOR, BY MEANS OF EITHER AN 'INMATE REQUEST' [VERY INFORMAL] OR A 'REQUEST TO STAFF' [A FORMAL DOCUMENT THAT CAN BE 'APPEALED' TO ODOC HEADQUARTERS THROUGH THE ODOC GRIEVANCE PROCESS], REPORTED THE VERBAL ASSAULT TO THE UNIT MANAGER OF A & B UNITS, MRS. KARA CASKEY, PROPERLY REQUESTING A 'SEPERATION FROM STAFF' [THE OPPOSITE OF A 'STAFF SEPARATEE'] OR A 'JUDICIAL 'RESTRAIN ORDER' OR AN ORDER OF PROTECTION FROM THE ALLEGED HOMICIDAL CAPTAIN WRIGHT-LESTER.

THE RELATOR WAS INFORMED BY MRS. KARA CASKEY THAT I, THE RELATOR, WOULD HAVE TO DO THE NECESSARY ACTIONS ON MY OWN BEHALF IF I WANTED ANY SORT OF PROTECTION FROM CAPTAIN WRIGHT-LESTER.

THE RELATOR HAS BEEN UNABLE TO LOCATE THE DOCUMENT SENT TO MRS KARA CASKEY.[3]

THUSLY, THE PHYSICAL DOCUMENT WAS MOST LIKELY 'CONFISCATED' [STOLEN] BY THE 'UNIT TEAM' [UNIT MANAGER AND THE UNIT

CASE MANAGERS] OR A GUARD [EITHER FROM THE UNIT OR OTHERWISE].

(2) LIST THE DEFENDANTS TO THIS CLAIM:

IN ACTUALITY, THE ENIRE DEPARTMENT OF CORRECTIONS EMPLOYEES AT THE JOSEPH HARP CORRECTIONAL CENTER (JHCC) ARE VIABLE DEFENDANTS TO THIS CLAIM AS WELL AS MANAGERS OVER THESE PERSONS.

HOWEVER, DUE TO THE LIMITED SCOPE OF THE PRESENT 'CIVIL RIGHTS COMPLAINT, THE FOLLOWING PERSONS ARE THE CLASS OF 'NAMED DEFENDANTS':

(A). J. KEVIN STITT
GOVERNOR OF STATE OF OKLAHOMA
(B). JUSTIN FARRIS
DIRECTOR OF ODOC
(C). TOMMY SHARP
WARDEN OF JHCC

(3)    List the supporting facts:

SEE ATTACHED ADDITIONAL SHEET(S)

SEE FOOTNOTES 10 AND 11.

(4)    Relief requested:  (State briefly exactly what you want the court to do for you.)

SEE ATTACHED ADDITIONAL SHEET(S)

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI.    Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_____          03 AUGUST 2026
Plaintiff's signature                                Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the 03RD day of AUGUST , 2026.       BY THE FACILITY POST OFFICE

_____          03 AUGUST 2026
Plaintiff's signature                                Date

Rev. 10/20/2015

PAGE 8

(3) LIST THE SUPPORTING FACTS:

OSTENSIBLY, IN 2024 OR AT LEAST PRIOR TO THE DEPARTURE OF CAPTAIN WRIGHT-LESTER TO BECOME THE CHIEF OF SECURITY OF THE R.B. "DICK" CONNOR CORRECTIONAL CENTER (D.C.C.C.), THE RELATOR VERILY ALLEGES THAT THE JOSEPH HARP CORRECTIONAL CENTER (JHCC) CAPTAIN WRIGHT-LESTER THREATENED TO HANDCUFF THE RELATOR WITH HANDS BEHIND THE BACK AND EITHER PUSH OR KICK THE RELATOR DOWN A SET OF STAIRS [THE SET OF STAIRS ON THE EAST SIDE OF THE LEISURE LIBRARY ARE MOST LIKELY THE LARGEST] APPARENTLY FOR EITHER PLEASURE [TO INFLICT DEATH] OR ELSE JEALOUS FURY [4] [A TRUE CRIME OF PASSION] DUE TO A NURSE THAT WAS VERY CHATTY [THIS NURSE IS NORMALLY BEHIND EITHER VERY THICK GLASS OR SUBSTANSIAL PLEXIGLASS].

PUTATIVELY, THE CAPTAIN ESTIMATED THAT THE RELATOR WOULD ONLY SUSTAIN A BROKEN MANDIBLE.

PAGE 8A

HOWEVER, EVEN A FALL OCCURING FROM A HEIGHT OF SIX (6) FEET WITHOUT THE ABILITY TO BREAK OR BRAKE THE FALL WITH THE ARMS AND HANDS IS CONSIDERABLY MORE LIKELY TO INFLICT GREATER DAMAGE THAN A BROKEN CHIN!

IN 2024, THE RELATOR WEIGHED APPROXIMATELY TWO HUNDRED AND TWENTY FIVE (225) POUNDS AND DUE TO VARIOUS THREATS ON THE YARD [FROM GROUPS/GANGS WITH CONNECTS TO CAPTAIN WRIGHT-LESTER OR GROUPS/GANGS DEDICATED TO EXPELLING NATIVE AMERICANS?] AGAINST A SEXAGENARIAN, THE RELATOR HAS MUSCLED UP TO CURRENTLY AROUND TWO HUNDRED AND SEVENTY (270) POUNDS OF VERY LEAN MUSCLE.

PRIOR TO LEAVING FOR DCCC, THE CAPTAIN DISPLAYED A SET OF HANDCUFFS, IN THE PRESENSE OF MRS. KARA CASKEY IN ORDER TO INSTILL FEAR IN THE RELATOR.

SINCE THE TIME OF THE DEPARTURE OF CAPTAIN WRIGHT-LESTER TO DCCC, THE NEW CHIEF OF

PAGE 8B

SECURITY, AT DCCC, HAS EMPLOYED AN EXTREMELY SELECT CADRE OF JHCC [STG?] INMATES TO DELIVER THE MESSAGE RELEVANT TO THE FALL DOWN THE STAIRS AND THE RESULTING BROKEN CHIN THAT THE RELATOR WOULD SUSTAIN BY POINTING DIRECTLY AT THEIR CHINS AFTER HAVING FIRST DRAWN OR GRABBED THE ATTENTION OF THE RELATOR.

FURTHERMORE, CAPTAIN WRIGHT-LESTER HAS EMPLOYED MOSTLY BLACK GUARDS TO KICK OPEN PREDOMINANTLY THE FRONT ENTRANCE DOORS TO THE UNIT BUILDINGS TO REMIND THE RELATOR OF THE THREAT SINCE THE DEPARTURE OF THE CAPTAIN.

PAGE 8C

(4). RELIEF REQUESTED

(A). DECLARATORY RELIEF: 28 U.S.C. § 2201

(i) THE RELATOR IS ENTITLED TO ENJOINER RELIEF [ORDER OF PROTECTION] FROM AN APPARENTLY HOMICIDAL OKLAHOMA DEPARTMENT OF CORRECTIONS EMPLOYEE [CORRECTIONAL OFFICER] WHILST IN THE CARE AND CUSTODY OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS.

(ii) THE RELATOR IS ENTITLED TO ENJOINDER RELIEF [PERMANENT RESTRAINING ORDER] FROM AN APPARENTLY HOMICIDAL OKLAHOMA DEPARTMENT OF CORRECTIONS EMPLOYEE [CORRECTIONAL OFFICER] IN THE EVENT THE RELATOR IS EVER RELEASED FROM THE CARE AND CUSTODY OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS AS A FORMER CONVICT INTO THE SOCIETY AT LARGE.

(iii) THE RELATOR IS ENTITLE TO ENJOINDER RELIEF [ORDER(S) OF SEPERATION] FROM A JOSEPH HARP CORRECTIONAL CENDER (JHCC)

PAGE 8D

'SECURITY THREAT GROUP' (STG) WHICH CAN NOT BE INDIVIDUALLY NAMED DUE TO GRAVE OR SERIOUS CONCERNS FOR THE LIFE AND OVERALL SAFETY OF THE RELATOR, THAT HAVE BEEN MENACING AND HARASSING AS WELL AS ASSAULTING [THROWING SPIDERS, LOUSE OR LICE NITS, AND OTHER INSECT LARVA AND PUPA] IN TRUE 'HATE CRIME' [AGE, RACE, COLOR OF SKIN, NATIONALITY, RELIGION, ET CETERA] FASHION.

THIS 'SECURITY THREAT GROUP' (STG) OR 'SECURITY HATE GROUP' (SHG) STRONGLY HAS AN EXTREME ANIMUS OR ENMITY OR HOSTILITY FOR THE FOLLOWING GROUPS:

(a) NATIVE AMERICANS (INDIANS)

THE CENTER HAS BEEN SHIPPING LARGE NUMBERS OF INDIANS TO CREATE SPACE FOR A DIFFERENT CURRENTLY FAVORED MINORITY

(b) ELDERLY (SENIOR CITIZENS)

PAGE 8E

(B). ENJOINDER RELIEF: 28 U.S.C. § 2202

(i) THE DEFENDANTS ARE HEREBY ENJOINERED FROM EVER ALLOWING THE RELATOR AND THE PERTINENT OKLAHOMA DEPARTMENT OF CORRECTIONS EMPLOYEE, FORMERLY CAPTAIN WRIGHT-LESTER AT THE JOSEPH HARP CORRECTIONAL CENTER, FROM EVER BEING ASSIGNED EMPLOYMENT [WRIGHT-LESTER] AND INCARCERATED [RELATOR] AT THE SAME CORRECTIONAL CENTER, THE SAME PENITENTIARY, THE SAME REFORMATORY, OR IN GENERAL THE SAME 'PRISON' WHILST THE RELATOR CONTINUES TO BE IN THE CARE AND CUSTODY OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS.

(ii). THE UNITED STATES ATTORNEY, FOR THE WESTERN DISTRICT OF OKLAHOMA, IS HEREBY ENJOINDERED TO PERFECT A PERMANENT RESTRAINING ORDER (PRO) AGAINST WRIGHT-LESTER [FULL NAME TO BE DETERMINED BY THE UNITED STATES ATTORNEY] TO LEGALLY [JUDICALLY] DULY PREVENT WRIGHT-LESTER FROM EVER

PAGE 8F

COMING WITHIN A DISTANCE OF:

(a) 100 YARDS (RURAL/COUNTRY)
(b) 100 FEET (CITY/MUNICIPALITY)

A DIRECT INTENTIONAL VIOLATION OF THE PERMANENT RESTRAINING ORDER (PRO) IN A RURAL OR COUNTRY HOMESTEAD LOCALITY CAN BE CONSIDERED AN 'OVERT ACT' OF AGGRESSION.

(iii) THE RELATOR IS NOT TO BE TRANSFERRED FROM THE JOSEPH HARP CORRECTIONAL CENTER, OR THEREAFTER ANY OTHER PRISON, EXCEPT BY EXPLICIT ORDER OF THE UNITED STATES DISTRICT COURT, FOR THE WESTERN DISTRICT OF OKLAHOMA.

(iv) IF TRANSFERRED FROM THE JOSEPH HARP CORRECTIONAL CENTER (JHCC), IN ORDER TO PROTECT THE RELATOR FROM THE EFFECTS OF SEVERE FINANCIAL HARDSHIP, THE OKLAHOMA DEPARTMENT OF CORRECTIONS (ODOC) WILL DEPOSIT INTO THE TRUST FUND ACCOUNT (DRAW) OF THE

RELATOR THE FOLLOWING SUM:

$ 250.00 USD [ODOC OR JHCC FUNDS NOT OCI]

[APPROXIMATE AVERAGE EARNINGS FOR THE PAST SEVERAL MONTHS] EACH AND EVERY MONTH THAT THE RELATOR IS ALIVE, ON OR ABOUT THE FIRST BUSINESS DAY OF THE MONTH TIMES A FACTOR OF THREE (3) [TREBLE DAMAGES] EQUATES TO A:

$$ \$ 250.00 \times 3 = \$ 750.00 \text{ USD [NOT FROM OCI]} $$

(EACH AND EVERY MONTH)

MONTHLY DEPOSIT INTO THE TRUST FUND (DRAW) ACCOUNT OF THE RELATOR.

IN ACTUALITY, WITH APPROXIMATELY SIX AND A HALF YEARS (6 1/2) YEARS OF SERVICE, [TRANSFERRED TO 'TRUE ENERGY' FOR 2 TO 3 MONTHS WAS DISMISSED AND THEN WAS ALMOST IMMEDIATLY HIRED BY THE OCI FURNITURE FACTORY AND DUE TO A NEED FOR WORKERS LATERALLY TRANSFERRED FROM THE FURNITURE FACTORY BACK TO THE O.T.A.

PAGE 8H

DATA ENTRY AND VERIFICATION POSITION],
THE RELATOR SHOULD BE AN O.T.A. CLERK DULY
EARNING A SALARY OF $350.00 PER MONTH OR
$400.00 PER MONTH [THE COURT-APPOINTED
ATTORNEY CAN ASCERTAIN THE CORRECT VALUE
OF THE COMPENSATION FOR AN O.T.A. CLERK
BY THE POWER OF DISCOVERY].

IN THE INTEREST OF EQUITY, THE DISTRICT
COURT REASONABLY COULD ADJUST THE BASE
PAY [$1.90 PER 1000 TAGS PROCESSED IN
ANY COMBINATION OF THE DATA ENTRY
AND VERIFICATION PRODUCTION PHASES
OF THE O.T.A. CONTRACT] TO REFLECT THAT
OF A CLERK'S PAY.

(V). IN THE ALMOST INELUCTABLE OR THE
INEVITABLE EVENT THAT THE DEFENDANTS
AND/OR THE STATE OF OKLAHOMA, IN THE
GENERAL SENSE, RELALTES BY ANY MEANS,
TO INCLUDE THE ISSUANCE OF A NON-VIOLENT
MISCONDUCT REPORT TO PREVENT THE RELATOR
FROM BEING EMPLOYED AT THE OKLAHOMA
CORRECTIONAL INDUSTRIES; OKLAHOMA
TURNPIKE AUTHORITY [DIVISION], THE

PAGE 8I

JOSEPH HARP CORRECTIONAL CENTER (JHCC)
CURRENT PRISON JOB WITH THE HIGHEST
SALARY AND EARNING PRODUCTION WAGES,
IN ORDER TO PROTECT THE RELATOR FROM
THE EFFECTS OF OPPRESSIVE OR AUSTERE
FINANCIAL HARDSHIP, THE OKLAHOMA
DEPARTMENT OF CORRECTIONS (ODOC) WILL
DEPOSIT INTO THE TRUST FUND ACCOUNT
(DRAW) OF THE RELATOR THE FOLLOWING
SUM: [ODOC OR JHCC FUNDS NOT O.C.I.]

$ 250.00 USD

[APPROXIMATE AVERAGE EARNINGS FOR
THE PAST SEVERAL MONTHS] EACH AND
EVERY MONTH THAT THE RELATOR IS ALIVE,
ON OR ABOUT THE FIRST BUSINESS DAY OF
THE MONTH TIMES A FACTOR OF THREE (3)
[TREBLE DAMAGES] EQUATES TO A:

$ 250.00 X 3 = 750.00 USD
                    (EACH AND EVERY MONTH)

MONTHLY DEPOSIT INTO THE TRUST FUND
(DRAW) ACCOUNT OF THE RELATOR

PAGE 8J

IN ACTUALITY, WITH APPROXIMATELY SIX AND A HALF YEARS (6 1/2) YEARS OF SERVICE, [TRANSFERRED TO 'TRUE ENERGY' FOR 2 TO 3 MONTHS WAS DISMISSED AND THEN WAS ALMOST IMMEDIATELY HIRED BY THE OCI FURNITURE FACTORY AND DUE TO A NEED FOR WORKERS LATERALLY TRANSFERRED FROM THE FURNITURE FACTORY BACK TO THE O.T.A. DATA ENTRY AND VERIFICATION POSITION], THE RELATOR SHOULD BE AN O.T.A. CLERK DULY EARNING A SALARY OF $350.00 PER MONTH OR $400.00 PER MONTH [THE COURT-APPOINTED ATTORNEY CAN ASCERTAIN THE CORECT VALUE OF THE COMPENSATION FOR AN O.T.A. CLERK BY THE POWER OF DISCOVERY].

IN THE INTEREST OF EQUITY, THE DISTRICT COURT REASONABLY COULD ADJUST THE BASE PAY [$1.90 PER 1000 TAGS PROCESSED IN ANY COMBINATION OF THE DATA ENTRY AND VERIFICATION PRODUCTION PHASES OF THE O.T.A. CONTRACT] TO REFLECT THAT OF A CLERK'S PAY.[8]

THE RELATOR OPINES THAT THE EVENTS

PAGE 8K

DETAILED IN CLAIM 1 HEREIN RATIONALLY AND REASONABLY COULD BE UTILIZED BY THE DISTRICT COURT AS A 'TRIGGER EVENT' TO IMPOSE THE 'RETALIATION SANCTION' TO DISSUADE THE STATE OF OKLAHOMA, IN THE GENERAL SENSE, FROM ATTEMPTS IN THE FUTURE TO INFLICT 'LITIGATION RETALIATION'[19]

(VI). THE OKLAHOMA DEPARTMENT OF CORRECTIONS WILL SUPPLY, AT THE EARLIEST POSSIBLE DATE, THE RELATOR WITH AN IRS 1040EZ FORM WITH INSTRUCTION MATERIAL [A BOOKLET OR MANUAL].

(VII). IN ORDER TO PROTECT THE HEALTH AND THE SAFETY OF THE RELATOR FROM THE DANGER AND HAZARD OF DELIBERATELY INDUCED FALLS FROM THE TOP BUNK, NORMALLY IN THE MIDDLE OF THE NIGHT, THE RELATOR WILL BE FULLY RESTRICTED, UNLESS CLEARLY AND INTELLIGENTLY WAIVED BY THE RELATOR, TO A 'BOTTOM BUNK' FOR AN UNLIMITED PERIOD OF TIME UNTIL EITHER DEATH OR THE RELEASE OF THE RELATOR FROM THE OKLAHOMA

DEPARTMENT OF CORRECTIONS.

ACCORDING TO THE POLICY AND PROCEDURE OF THE DEPARTMENT OF CORRECTIONS, THE RELATOR WILL [FINALLY] BECOME DULY RESTRICTED TO THE 'BOTTOM BUNK' ON THE 19TH DAY OF AUGUST 2026. [THE RELATOR'S SIXTY-FIFTH (65TH) BIRTHDAY].

(VIII). THE RELATOR WILL HENCEFORTH NOT BE ASSIGNED CELL PARTNERS THAT ARE OR EVER WERE CLASSIFIED AS 'SECURITY THREAT GROUP' (STG) MEMBERS IN ORDER TO PROTECT THE HEALTH AND SAFETY OF THE RELATOR.

(IX). THE RELATOR WILL HENCEFORTH NOT BE ASSIGNED CELL PARTNERS THAT HAVE NOT ATTAINED AT LEAST THE AGE OF FIFTY (50) YEARS OF AGE TO PROTECT THE HEALTH AND SAFETY OF THE RELATOR AS WELL AS TO PROTECT THE MENTAL HEALTH (SANITY) OF THE RELATOR.

PAGE 8M

FOOTNOTES

(1). THE WARDEN'S SECRETARY, LAURA JONES, WAS THE PERSON CALLING PRISONERS OR INMATES INTO THE 'INSIDE ADMINISTRATION' BUILDING AND DIRECTING THE PRISONERS OR INMATES INTO THE CONFERENCE ROOM TO COMMUNICATE WITH THE COMPANY REPRESENTATIVE FROM SECURUS TECHNOLOGIES IN ORDER TO RECEIVE A REPLACEMENT [REFURBISHED] TABLET.

(2). THE OKLAHOMA DEPARTMENT OF CORRECTIONS, APPARENTLY, IS BETTER AT DESTROYING EVIDENCE THAN THE FOLLOWING ENTITIES:

    (A) UNITED STATE EMBASSY
       - SECRET AND TOP SECRET NATIONAL SECURITY DOCUMENTS AND COMPUTER FILES
    (B) GLOBAL INTERNET HACKES
       - COMPUTER FILES
       - COMPUTER LOGS
    (C) MAFIA (RICO GROUPS)
       - DOCUMENTS AND COMPUTER FILES

PAGE F1 OF 5

## FOOTNOTES (CONTINUED)

(3). THE RELEVANT DOCUMENT MAY EXIST IN A DIGITAL FORMAT. THE COURT-APPOINTED 'UNITED STATES' ATTORNEY CAN EXERCISE THE POWER OF DISCOVERY.

(4). BY THE WAY, THE COMMON RUMOR IS OR WAS THAT CAPTAIN WRIGHT-LESTER WAS A MARRIED MAN.

(5). OSTENSIBLY, BLACK WIDOWS, BROWN RECLUSE [FIDDLE BACK], AND OTHER DANGEROUS POISONOUS SPIDERS.

(6). THE RELATOR AVERS THAT ALL MONTHLY PAYMENTS SHOULD PROPERLY INCLUDE A GENEROUS MINIMUM COST OF LIVING ADJUSTMENT OF FIVE PERCENT (5%).

(7). THE RELATOR AVERS THAT ALL MONTHLY PAYMENTS SHOULD PROPERLY INCLUDE A GENEROUS MINIMUM COST OF LIVING ADJUSTMENT OF FIVE PERCENT (5%).

(8) IF ADDITIONAL RETALIATIONS OCCUR, THE UNITED STATES DISTRICT COURT, FOR THE WESTERN DISTRICT OF OKLAHOMA, WITHOUT QUESTION REASONABLY COULD APPLY A MULTIFICATION FACTOR:

| OCCURENCE | FACTOR |
|-----------|--------|
| 1 | 1 |
| 2 | 2 |
| 3 | 3 |
| 4 | 4 |
| 5 | 5 |

TO COMBAT THE RETALIATIONS.

(9) THE CLAIM 1 RETALIATION COULD BE BEST DESCRIBED AS DIRECTLY APPLYING TO THE MATTER OF:

UNITED STATES EX REL. RONALD DEAN LOWE V. JUSTIN FARRIS, ET AL.
CASE NUMBER: CIV-26-1716-R
U.S.D.C, WESTERN DISTRICT OF OKLAHOMA
CIVIL RIGHTS COMPLAINT (08 JULY 2026)

3 RDL

PAGE FX OF S

HOWEVER, THE RELATOR WAS NOT SECRETIVE RELATIVE TO FUTURE LITIGATIONS IN LEGAL DISCUSSIONS WITH PRISONORS OR INMATES THAT PERFORM/PERFECT LEGAL DOCUMENT CREATION.

THEREFORE, THE DISTRICT COURT WILL HAVE TO EMPLOY GOOD LEGAL JUDGMENT TO DECIDE THIS ISSUE.

(10), IN A PRIOR CONFRONTATION THAN WAS DICUSSED IN CLAIM 2, THE RELATOR BROUGHT A BIC STIK PEN, WITH THE CAP ON AND WITHOUT A HANDLE TO GRASP THE PEN IN A TIGHTER GRIP (I.E., A FACTORY STOCK PEN), TO THE EVENING PILL LINE, AFTER HAVING DONE SOME LEGAL WRITING, AND WAS VERY NEARLY BEATEN [MOST LIKELY BLIND SIDED] BY CAPTAIN WRIGHT-LESTER WIELDING AN IMPROVISED WEAPON IN THE FORM OF AN APPROXIMATELY THREE (3) FOOT LONG PIECE OF: SOLID ROUND, 'REBAR', OR PIPING. THIS INCIDENT WAS DIRECTLY VIEWED BY CAPTAIN [LIEUTENANT?] WHITE

RPL4

PAGE F8 OF S

[LONGHORN].

(11). IN LATE SUMMER OR EARLY FALL OF 2025, [RDL] THE RELATOR SUFFERED A 'BIOLOGICAL WEAPON ATTACK [DELIBERATELY EMPLOYED] [POISONOUS SPIDER BITE], OSTENSIBLY ON THE LEFT FOOT OF THE RELATOR, THAT BECAME INFLECTED AND INFLAMED.

WHILST UNDER TREATMENT IN MEDICAL, CAPTAIN WRIGHT-LESTER APPEARED AND WANTED THE MEDICAL PERSONNEL (EITHER TWO NURSES OR A NURSE PRACTITIONER AND A NURSE) HAVE THE RELATOR TRANSPORTED [RDL] TO THE HOSPITAL FOR AMPUTATION OF THE LEFT FOOT. THANK THE 'SPIRITS' THAT THE NURSES DECLINED!

A 'ROUND' OF ANTIBIOTICS CURED THE AILMENT [DRAIN PUSTULE WITH A SEWING NEEDLE AND APPLY ANTIBIOTIC CREAM].